UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRYANT BANKS, | : |
| Petitioner, | : Civ. No. 17-2961 (RBK) |
| v. | : |
| DAVID PIERCE, et al., | : **OPINION** |
| Respondents. | : |

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Petitioner Bryant Banks ("Petitioner") is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his guilty plea for first-degree murder. He is currently serving a life sentence. Respondents have filed a motion to dismiss the habeas petition as untimely. For the reasons set forth below, the motion to dismiss will be granted and Petitioner's habeas petition will be dismissed because it was not filed within the one-year limitations period.

## II. BACKGROUND

On April 25, 2000, Petitioner pled guilty to a charge of first-degree murder in the Superior Court of New Jersey, Law Division, Salem County. (ECF No. 7, Ex. 1). On June 1, 2000, Petitioner was sentenced to life imprisonment with eighty-five percent of the term to be served prior to parole eligibility. (ECF No. 7, Ex. 3).

Petitioner filed a Notice of Appeal with the Superior Court of New Jersey, Appellate Division on September 25, 2000. (ECF No. 7, Ex. 4). On March 27, 2001, the appeal was withdrawn by Petitioner and dismissed by the Appellate Division. (ECF No. 7, Ex. 5).

On October 4, 2001, Petitioner filed a motion to correct an illegal sentence with the Law Division. (ECF No. 7, Ex. 6). On July 5, 2002, Petitioner's motion was granted and he was resentenced to life imprisonment with a thirty-year parole disqualifier. (ECF No. 7, Ex. 7).

Petitioner filed a *pro se* petition for post-conviction relief ("PCR") on January 31, 2003. (ECF No. 7, Ex. 8). On October 7, 2003, the PCR court dismissed Petitioner's *pro se* PCR petition without prejudice pending assignment of counsel by the Office of the Public Defender ("OPD"). (ECF No. 7, Ex. 9). The PCR court order noted that "when the [OPD] is prepared to proceed further … this matter shall be reinstated, with all attendant rights as if it was not dismissed and a noted filing date of March 4, 2003." (*Id.*). The OPD assigned counsel on June 23, 2004. (ECF No. 7, Ex. 10). Assigned counsel wrote to the PCR court and Petitioner on November 2 and November 4, 2005, respectively, indicating his assignment to the case. (ECF No. 7, Exs. 11-12). On November 24, 2008, counsel notified Petitioner that his PCR petition had been withdrawn. (ECF No. 7, Ex. 14).

On October 15, 2012, Petitioner filed a second *pro se* PCR petition. (ECF No. 7, Ex. 15). The PCR court held an evidentiary hearing on the ineffective assistance of Petitioner's original PCR counsel on January 10, 2014. (ECF No. 7, Ex. 19). On March 21, 2014, the PCR court held an evidentiary hearing with respect to the ineffective assistance of Petitioner's plea counsel. (ECF No. 7, Ex. 20). On June 12, 2014, the PCR court issued an opinion denying the second PCR petition on its merits. (ECF No. 7, Ex. 21).

Petitioner filed a Notice of Appeal on July 22, 2014 with the Appellate Division. (ECF No. 7, Ex. 22). On March 8, 2016, the Appellate Division denied Petitioner's PCR. (ECF No. 7, Ex. 23). A notice of petition for certification was filed with the New Jersey Supreme Court on

March 10, 2016. (ECF No. 7, Ex. 24). On June 3, 2016, the Supreme Court issued an order denying the petition for certification. (ECF No. 7, Ex. 25).

Petitioner filed a petition for writ of habeas corpus on April 14, 2017.[1] (ECF No. 1). Respondents have filed a motion to dismiss the habeas petition arguing that it is untimely. (ECF No. 7). Petitioner filed a response in opposition to the motion to dismiss arguing that equitable tolling applies to his state PCR proceedings because of the inaction of his original PCR counsel. (ECF No. 8).

### III. DISCUSSION

Respondents argue that the habeas petition should be denied because it is untimely. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). That limitations period begins to run when the criminal judgment becomes "final."[2] "Final judgment in a criminal

---

[1] Under the prison mailbox rule, "a *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing...." *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

[2] The statute states in full that the limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence ....

case means sentence. The sentence is the judgment." *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (citing *Berman v. United States*, 302 U.S. 211, 212 (1937)). A judgment becomes "final" within the meaning of § 2244(d)(1) at the conclusion of direct review or at the expiration of time for seeking such review. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999); *see also* 28 U.S.C. § 2244(d)(1)(A) (the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

Petitioner filed a motion to correct an illegal sentence on October 4, 2001. Petitioner was resentenced on July 5, 2002, after prevailing on his motion. Although Petitioner did not appeal his resentence, he enjoys the benefit of the 45-day period in which he could have appealed. *See* 28 U.S.C. § 2241(d)(1)(A) (one-year filing limitation is triggered at the conclusion of the direct appeal process or the expiration of the time for seeking such review). Thus, the one-year habeas deadline began to run on August 19, 2002. Petitioner, however, did not file his federal habeas petition until nearly fifteen years later on April 14, 2017. Therefore, unless the limitations period is tolled, Petitioner's habeas filing is untimely.

**A. Statutory Tolling**

The filing of a PCR petition may statutorily toll (i.e., suspend) the running of the one-year habeas limitations period. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). A prisoner's application for state collateral review is "'properly filed' when its

---

28 U.S.C. § 2244(d)(1). There is no indication that any subsection other than (A) is applicable here.

4

delivery and acceptance are in compliance with the applicable laws and rules governing filings[.]" *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)).

A timely PCR petition filed during the one-year period will suspend its running; it will not, however, revive a one-year period that has already expired. *See Long v. Wilson*, 393 F.3d 390, 394-95 (3d Cir. 2004) ("The state habeas petition had no effect on tolling, because an untimely state post-conviction petition is not properly filed for purposes of tolling and, in any event, the limitations period had already run when it was filed."); *see also Saunders v. Lamas*, No. 12-1123, 2013 WL 943351, at *5 (E.D. Pa. Feb. 3, 2013) (statutory tolling inapplicable when PCR petition was filed after the expiration of AEDPA's one-year limitations period) (citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)), *report and recommendation adopted*, 2013 WL 943356 (E.D. Pa. Mar. 11, 2013); *Shoatz v. DiGuglielmo*, No 07-5424, 2011 WL 767397, at *1 n.2 (E.D. Pa. Feb. 25, 2011) ("[B]ecause all of petitioner's subsequent PCRA petitions were filed after his one-year limitation period expired ... none of these filings entitle petitioner to statutory tolling, regardless of their disposition.").

Petitioner filed his first PCR petition on January 31, 2003, 165 days after the expiration of the time for seeking review of his resentence. Petitioner's filing of the PCR petition tolled the one-year habeas statute of limitations. For purposes of this opinion, the Court will assume that the habeas statute of limitations remained tolled after the PCR court's October 2003 dismissal without prejudice, as the court's order did not address the merits of the PCR petition and was not a final, appealable order. *See Hanover Ins. Co. v. Urban Outfitters, Inc.*, 572 F. App'x 91, 93 (3d Cir. 2014) (holding that "so long as a claim may be reinstated in the future, a dismissal without prejudice is not final); *Tiernan v. Devoe*, 923 F.2d 1024, 1031 (3d Cir.1991) (order of dismissal

5

without prejudice not a final, appealable order unless and until the party seeking relief disavows any intention to reinstitute the litigation). The OPD's assigned counsel notified the PCR court of his assignment to the case on November 2, 2005. On November 24, 2008, counsel notified Petitioner that his PCR file had been closed.

Petitioner did not file his second PCR petition until October 15, 2012, 1421 days after his original PCR counsel notified him that his PCR case had been closed. Thus, when Petitioner filed his second PCR petition, the one-year habeas limitations period had already expired. Accordingly, Petitioner's second PCR petition did not toll the habeas statute of limitations. *See Johnson v. Hendricks*, 314 F.3d 159, 161-62 (3d Cir. 2000) (while the tolling provision excludes time during which a properly filed state PCR is pending, it does not reset the date from which the one-year limitations period begins to run).

### B. Equitable Tolling

Petitioner argues that he is entitled to equitable tolling of the habeas limitation period because of the neglect and inaction of his original PCR counsel. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418; *see also Jenkins*, 705 F.3d at 89. "There are no bright lines in determining whether equitable tolling is warranted in a given case." *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit has explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Pabon*, 654 F.3d at 399; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

For equitable tolling to apply, the Third Circuit has required a showing of reasonable diligence:

> The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence, [citing *Holland v. Florida*, 560 U.S. 631, 653 (2010)]. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). … The fact that a petitioner is proceeding *pro se* does not insulate him from the "reasonable diligence" inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling. *See Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003).

*Ross*, 712 F.3d at 799-800. Extraordinary circumstances may be found where: (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (citing *Jones*, 195 F.3d at 159). However, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Id.* (citations omitted).

Here, Petitioner's first PCR petition was dismissed without prejudice on October 7, 2003. The OPD assigned counsel to Petitioner's PCR case on June 23, 2004. Assigned counsel notified the PCR court and Petitioner of his representation in November 2005 and withdrew Petitioner's PCR in November 2008. Petitioner did not file a second PCR petition until nearly four years later on October 15, 2012. Under these circumstances, Petitioner fails to show that he would be entitled to equitable tolling from when his first PCR petition was withdrawn in November 2008 until his second PCR petition was filed in October 2012.

Assuming the actions of Petitioner's first PCR counsel rise to the level of extraordinary circumstances, Petitioner fails to demonstrate that he exercised reasonable diligence in the pursuit of his state court remedies. Petitioner contends that he did not receive his PCR counsel's notice of representation and notice of withdrawal in November 2005 and November 2008, respectively, because he was transferred to a different prison in March 2005. Petitioner also claims that he wrote to the PCR court and the OPD requesting updates on his case. Petitioner, however, does not provide any dates, citations, or exhibits supporting this assertion. Additionally, in his amended petition in support of his second PCR, Petitioner asserted that after filing his first PCR in 2003 "I patiently waited for my matter to proceed but never heard anything further regarding the assignment of counsel. I eventually undertook the effort to file another petition since I did not know the status of my first petition." (ECF No. 7, Ex. 16).

Even assuming Petitioner's representations are true and that he contacted the PCR court and the OPD, the nine-year gap from when Petitioner's first PCR was dismissed in October 2003 to when he filed his second PCR petition in October 2012, indicates that Petitioner was not exercising reasonable diligence in the pursuit of his state court remedies. *See e.g., LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) ("[W]e nonetheless conclude that LaCava did not exercise the requisite due diligence by allowing more than twenty-one months to lapse from the filing of his petition for allowance of appeal until he inquired with the Pennsylvania Supreme Court's Prothonotary's Office as to its status."); *United States v. Andrews*, No. 92-671-8, 2014 WL 11495081, at *4 (E.D. Pa. Apr. 23, 2014) (holding that failure to take action on a pending motion for a three-to-four year period constitutes lack of due diligence); *Nelson v. Superintendent of SCI-Huntingdon*, No. 07–1453, 2009 WL 918097, at *5-6 (W.D. Pa. Apr. 2, 2009) (petitioner did not exercise reasonable diligence where he provided only unsupported and unspecified allegations that

he periodically checked status of his pending appeal, which turned out not to have been filed). Petitioner's lack of reasonable diligence therefore breaks any nexus between his original PCR counsel's inaction and Petitioner's failure to timely file a § 2254 petition. *See Ross*, 712 F.3d at 803 (noting that for equitable tolling to apply there must be a causal connection, or nexus, between the extraordinary circumstances the petitioner faced and his failure to timely file a habeas petition); *Holland*, 560 U.S. at 649 (A petitioner must show that "some extraordinary circumstance stood in his way and prevented timely filing.").

Furthermore, even if this Court applied equitable tolling for the period between November 24, 2008 and October 15, 2012, Petitioner's habeas petition is still untimely. The statute of limitations started to run on August 19, 2002, when the time for direct appeal of Petitioner's resentence expired. 165 days passed before Petitioner filed his first PCR petition on January 31, 2003. Not counting any PCR time, an additional 315 days passed between the time the New Jersey Supreme Court denied the petition for certification of Petitioner's second PCR on June 3, 2016 and his filing of the habeas petition on April 14, 2017. These two time periods total 480 days, or 115 days beyond the one-year time limitation for habeas petitions. Petitioner has not offered any justification as to why these two periods should be equitably tolled. Accordingly, Petitioner's habeas petition is dismissed as untimely.

### C. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's

resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 1537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the Court's procedural disposition in this case debatable. Accordingly, this Court will not issue a certificate of appealability.

## V. CONCLUSION

For the foregoing reasons, Respondents' motion to dismiss Petitioner's habeas petition will be granted and the habeas petition will be dismissed. A certificate of appealability shall not issue. An appropriate order will be entered.


DATED: March 23, 2018                                s/Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge